# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| **FRATERNAL ORDER OF EAGLES AERIE #3823 TREMONTON** and **JOANNE CRANER, JOSEPH COLLINS** and **CHERYL JARRELL, as assignees of FRATERNAL ORDER OF EAGLES AERIE 33823 TREMONTON**<br><br>Plaintiffs,<br><br>vs.<br><br>**CENTURY SURETY COMPANY and ARTMAN INSURANCE AGENCY, INC.,**<br><br>Defendants. | MEMORANDUM DECISION AND ORDER REMANDING CASE<br><br><br>Case No.  1:11CV79DAK |

      This matter is before the court on Plaintiffs' Motion to Remand claiming that there is no diversity jurisdiction and Defendants removal of this action from state court was improper.   The parties have requested oral argument.  The court, however, does not believe that oral argument would significantly aid in its determination of the present motion.  After carefully considering the pleadings, memoranda, and other materials submitted by the parties and the law and facts relating to this matter, and now being fully advised, the court renders the following Memorandum Decision and Order.

## BACKGROUND

The Fraternal Order of Eagles Tremonton ("Tremonton Eagles") used Artman Insurance Agency as its agent to purchase an insurance policy through Century Surety Company. Tremonton Eagles has a general commercial liability policy through Century. Tremonton Eagles has a liquor liability policy that covers dramshop claims through a separate insurer, Founders Insurance Company. The dramshop policy excludes coverage for injury caused directly or indirectly by any act other than selling, serving, or furnishing of any alcoholic beverage.

On January 10, 2009, Allen Waddoups, who had recently been at the Tremonton Eagles club, was in a car accident with Joanne Craner, Joseph Collins and Cheryl Jarrell (collectively, "injury plaintiffs"). Waddoups was on his way home from the Tremonton Eagles club after being ejected from the club. He was driving the wrong direction on Interstate 15 when he struck the injury plaintiffs. Two hours after the accident, Waddoups blood alcohol level was still .22.

The injury plaintiffs sued Tremonton Eagles and Waddoups in state court. The injury plaintiffs asserted causes of action against Tremonton Eagles for a violation of Utah's dramshop act and negligently ejecting Waddoups from the club. Founders, Tremonton Eagle's dramshop policy insurer, agreed to defend Tremonton Eagles in the action. Century, Tremonton Eagle's general liability policy insurer, did not. Tremonton Eagles moved for summary judgment on the negligence claim, arguing that it was preempted by the dramshop act. But, the state court denied Tremonton Eagles' motion, concluding that the negligence claim was not based on the serving of alcohol to Waddoups and constituted a separate claim from the dramshop claim. Despite the state court's ruling, Century again denied Tremonton Eagles request for a defense or coverage of the negligence claim.

After losing its summary judgment motion, Tremonton Eagles agreed to mediate with the injury plaintiffs. At mediation, Tremonton Eagles settled both claims with the injury plaintiffs for $1,700,000. Founders agreed to pay $700,000 for the dramshop claim. Under the settlement agreement, Tremonton Eagles agreed to cooperate in prosecuting its claims for coverage, indemnity, and bad faith, against Century and Artman for coverage on the negligence claim and assign any recovery obtained to the injury plaintiffs. The injury plaintiffs, in turn, agreed not to execute the judgment except on funds recovered from Century and Artman.

Plaintiffs filed the instant action against Century and Artman in the First Judicial District Court in and for Box Elder County, Utah. The Amended Complaint states causes of action against Century for a declaratory judgement of coverage and bad faith. The Amended Complaint states a cause of action against Artman for negligence. The claim against Artman is pleaded in the alternative, alleging that if the court finds in favor of Century that there is no coverage for the injury plaintiff's negligence claim against Tremonton Eagles, then Artman is negligent in failing to procure the type of insurance policy Tremonton Eagles sought when it used Artman as its agent.

Defendants removed the action to this court based on this court's diversity jurisdiction. Although there is not diversity jurisdiction based on the allegations of the Amended Complaint, Defendants contend that Artman was fraudulently joined to destroy diversity jurisdiction. Tremonton Eagles is a Utah non-profit corporation with its principal place of business in Box Elder County, Utah. Century is an Ohio corporation with its principal place of business in Ohio. Artman is a Utah corporation with its principal place of business in Weber County, Utah.

## DISCUSSION

### **Plaintiffs' Motion to Remand**

Plaintiffs move to remand this action to state court because Tremonton Eagles and Artman are both citizens of Utah. Therefore, Plaintiffs assert that removal was improper because a defendant may remove a case from state court only if the federal court has original jurisdiction over the case and there is no diversity jurisdiction in this case. 28 U.S.C. § 1441(a). Defendants, however, argue that Artman's citizenship should be disregarded because he was fraudulently joined as a defendant to destroy diversity jurisdiction.

To prove fraudulent joinder, "the removing party must demonstrate that there is no possibility that plaintiff would be able to establish a cause of action against the joined party in state court." *Montano v. Allstate Indemnity*, 211 F.3d 1278, *1 (10th Cir. 2000) (unpublished); *see also Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (joinder is generally considered fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.") This burden "is more exacting than that for dismissing a claim under Fed.R.Civ.P. 12(b)(6)." *Id.*

The Tenth Circuit notes that "upon allegations of fraudulent joinder designed to prevent removal, federal courts may look beyond the pleadings to determine if the joinder, although fair on its face, is a sham or fraudulent device to prevent removal." *Smoot v. Chicago Rock Island and Pacific Railroad Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967). Therefore, a "court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Pub., Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). The court will "resolve

all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party." *Montano*, 211 F.3d at *1 (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000)).

Century argues that it is impossible for Tremonton Eagles to prove a negligence claim against Artman because he did not breach a duty and did not cause any injury to Tremonton Eagles. First, Century argues that Artman did not breach a duty to Tremonton Eagles because it sought a policy for negligence and Artman obtained a policy for it that covers negligence. Tremonton Eagles, however, asserts that Century construes its negligence claim against Artman too narrowly and that it alleges in the Amended Complaint that it sought, and relied on Artman to procure, complete liability coverage. Tremonton Eagles' claim against Artman is that it was negligent in leaving a gap in coverage that exposed Tremonton Eagles to the injury plaintiffs' negligence claim.

The Amended Complaint generally pleads a negligence claim against Artman for failing to obtain insurance requested by it, failing to advise Tremonton Eagles that the coverage it obtained would not provide the coverage sought by Tremonton Eagles, and such other acts and omissions reveled through discovery. Therefore, the claim is not limited to a failure to procure a negligence policy and Century seeks to construe the claim too narrowly.

Century next argues that Tremonton Eagles cannot prove that Artman breached a duty to it because the two insurance policies afford complete coverage. Century argues that the injury plaintiffs' negligence claim against Tremonton Eagles is squarely excluded by Century's policy and squarely covered by Founder's policy. Century bases this argument on the language in the Founder's policy that covers damages "by reason of the selling, serving, or furnishing of any

5

alcoholic beverage."

The state court, however, ruled that the injury plaintiffs' negligence claim was not based on the selling or serving of alcohol. The injury plaintiffs' negligence claim was based on Tremonton Eagles' ejection of Waddoups from the club after learning that he was drunk. On a motion to remand, the court cannot decide the merits of the coverage questions at issue. Whether the injury plaintiffs' negligence claim is covered by the Founder's policy, Century policy, or neither policy is precisely the issue to be determined on the merits of this action. The whole purpose of Tremonton Eagles' negligence claim against Artman is the possibility that neither insurance policy covers it for the injury plaintiffs' negligence claim. If neither policy covers the injury plaintiff's negligence claim, then it is possible for Tremonton Eagles to state a breach of duty against Artman for failing to provide complete coverage. Century's argument improperly assumes that there is complete coverage and such question cannot readily be determined for purposes of the motion for remand.

Century further argues that Tremonton Eagles cannot state a negligence claim against Artman because Artman did not cause the Tremonton Eagles to suffer damage. The Amended Complaint, however, alleges damages. Century cannot merely deny the allegations of the Amended Complaint. A judgment has been entered against Tremonton Eagles for $1,000,000 on the injury plaintiffs' negligence claim. The judgment itself constitute damages even though there is a covenant not to execute. *See Ammerman v. Farmers Ins. Exch.*, 450 P.2d 460 (Utah 1960) (plaintiff can maintain action against insurer for excess judgment even though there is covenant not to execute); *Esposito v. CPM Ins. Servs.*, 922 A.2d 343 (Conn. Super. 2006) (insured could collect stipulated judgment with covenant not to execute from insurance agent because it was the

agent's negligence that left the insured uninsured). Although the injury plaintiffs agreed not to execute on the judgment, it was agreed to in connection with Tremonton Eagles pursuing coverage from Century and Artman. If Tremonton Eagles breached its agreement, the injury plaintiffs would be relieved of the covenant not to execute. Moreover, Tremonton Eagles would have had coverage for the judgment if Artman had obtained full coverage or properly advised Tremonton Eagles about gaps in coverage.

Century also argues that the claim against Artman is not ripe because it is predicated on Tremonton Eagles losing the coverage issue with Century. However, it is well-established law that claims can be pleaded in the alternative. In *Montano*, the insured sued the insurer and the agent in the alternative, arguing that if the insurer properly denied coverage, the agent was liable for failure to procure the requested insurance. 211 F.3d at *2. In that case, the Tenth Circuit held that both claims were proper. *Id.* Moreover, even though the claims are pleaded in the alternative, Tremonton Eagles state that it does not intend to litigate the claim against Century before proceeding against Artman.

Tremonton Eagles argue that it suffered damages by paying insurance premiums on a policy that did not offer it the coverage it sought. Century contends that Tremonton Eagles cannot recover insurance premiums as damages because it would have paid them even if Artman was not negligent. But, Tremonton Eagles would not have purchased the policy if it knew that there were gaps in coverage and its premiums would not have been wasted on an inadequate policy but for Artman's negligence. These type of damages issues should be determined on the merits of the action. They do not provide a basis for finding fraudulent joinder.

Finally, Century argues that Artman appears to have been joined fraudulently because it

was not mentioned in the settlement agreement with the injury plaintiffs and it was not added as a party until the Amended Complaint.  The Settlement Agreement, however, collectively refers to Artman and Century as Century.  Furthermore, when the claim was added is not indicative of fraudulent joinder when, in fact, the party has a valid claim.  Case law provides that insurance agents can be liable for negligence.  Therefore, the addition of the claim against Artman in the Amended Complaint does not demonstrate fraudulent joinder.

Based on the facts and controlling law, the court concludes that Century has not met its heavy burden of demonstrating that Artman was fraudulently joined as a defendant in this action.  Accordingly, there is no diversity jurisdiction in this case because both Tremonton Eagels and Artman are citizens of the State of Utah.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand is GRANTED.  Therefore, this case is remanded to the First Judicial District Court in and for Box Elder County, State of Utah.  Pursuant to 42 U.S.C. § 1447(c), the Clerk of Court shall mail a certified copy of this Order of remand to the clerk of said state court.

DATED this 19th day of August, 2011.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge